OPINION OF THE COURT
Michael D. Stallman, J.
Petitioner commenced this CPLR article 78 proceeding chal *199 lenging the disapproval of his application for deputization as a Special Patrolman by the License Division of the New York City Police Department (License Division). The License Division disapproved petitioner’s application for Special Patrolman status after its investigation revealed the circumstances surrounding the petitioner’s prior arrests, including an arrest which occurred while petitioner was under investigation for his fitness to become a Special Patrolman.
Administrative Code of the City of New York, title 14, § 14-106 governs the appointment of Special Patrolmen in the City. Special Patrolmen are employees of private employers or government agencies who are authorized by the Police Commissioner to, inter alia, make arrests and issue summonses. Section 14-106 of the Administrative Code sets forth the conditions under which the Police Commissioner may appoint Special Patrolmen. The New York City Police Department has adopted rules and regulations governing the appointment of Special Patrolmen. (38 RCNY ch 13.) 38 RCNY 13-01 provides that all applicants for a Special Patrolman designation be of good moral character, and provides that a pattern of predisposition to violence or other misconduct is grounds for denial of such designation.
On or about November 5, 1998, petitioner submitted an application requesting that the License Division grant him Special Patrolman status. It is undisputed that petitioner had a history of arrests at the time of his application for Special Patrolman status. By letter dated May 11, 1999, based on the circumstances surrounding the petitioner’s arrest, including an April 6, 1999 arrest which occurred while petitioner was under investigation for his fitness to become a Special Patrolman, the License Division disapproved petitioner’s request for deputization as a Special Patrolman. By letter dated June 16, 1999, petitioner appealed this disapproval; by letter dated July 7, 1999, the Assistant Deputy Commissioner denied petitioner’s appeal.
Respondent argues that the circumstances surrounding petitioner’s arrests indicate that he does not possess the requisite character to be appointed as a Special Patrolman. Special Patrolmen have a duty to protect the property and/or safety of individuals. In the instant circumstance, petitioner’s obligations would include protecting the property and safety of the City of New York college students, faculty and staff. Here, the City argues that the License Division found that petitioner *200 did not possess the requisite moral character and fitness to be appointed as a Special Patrolman. Since the privilege of becoming a Special Patrolman implicates arrest powers, which necessarily require an applicant to possess sound judgment, and could implicate City liability depending on the circumstances, the City should certainly have the discretion to decide whether or not an applicant should be trusted with such an appointment. Petitioner admitted and the License Department’s investigation revealed that prior to his application, petitioner was arrested for robbery and assault. Additionally, on April 6, 1999, while petitioner was undergoing investigation for deputization, petitioner was arrested for rape. Just because petitioner was not convicted of those crimes, does not give him an automatic right to be deputized as a Special Patrolman. The Police Department may evaluate petitioner’s entire record, including his background, in making its determination. Recognition of a private citizen as a law enforcement officer with the arrest powers of a Special Patrolman, uniform and badge, is not a right obtainable for the asking. (See, Matter of Zalmanov v Bratton, 240 AD2d 173.) In the instant case, even though the charges against petitioner were later dismissed, the City was entitled to find that the facts and circumstances surrounding each of the charges show that petitioner does not have the moral character and fitness needed to be a Special Patrolman. Accordingly, since it cannot be said on the record before the court that the City acted arbitrarily or capriciously or in violation of law, it is ordered and adjudged that the petition is denied and the proceeding is dismissed.